IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01830-RBJ

DONNIE LOWE,

      Plaintiff,

v.

RICK RAEMISCH, Executive Director of the Colorado Department of Corrections, in his individual and official capacities, and
TRAVIS TRANI, Warden of the Colorado State Penitentiary, in his individual and official capacities,

      Defendants.

---

## DEFENDANTS' MOTION TO DISMISS

---

Defendants Rick Raemisch and Travis Trani, in their respective individual and official capacities as the Colorado Department of Corrections' (CDOC's) Executive Director and the Colorado State Penitentiary's (CSP's) Warden, by and through the Colorado Attorney General, respectfully submit the following Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

## NATURE OF THE CASE

Plaintiff Donnie Lowe commenced this Eighth Amendment lawsuit on August 25, 2015, over one month after he completed his sentence and was released from CDOC custody on July 19, 2015.  This lawsuit concerns purportedly unconstitutional deprivations of outdoor exercise that Lowe endured for approximately two years while housed at CSP from February 2013, until his transfer to Sterling Correctional Facility on March 10, 2015.  *See* Complaint, Doc. # 1, ¶¶ 19, 99.  Lowe does not allege that during

the two-year period of time he was denied opportunities to exercise with at least some

indirect access to fresh air and sunlight; rather, he complains of an inability to exercise

outdoors.  Lowe contends that clearly established law renders deprivations of outdoor

exercise for periods of three months or more unconstitutional and entitles prisoners at

least one hour of outdoor exercise per week.[1]  *See* Doc. # 1, ¶¶ 105, 106.

In support of his constitutional claim, Lowe relies on this Court's August 24, 2012

decision in *Anderson v. Colorado*, 887 F. Supp. 2d 1133, which he maintains is "clearly

established law," and in which this Court concluded that an inmate's *12-year* deprivation

of exercise in the outdoors constituted cruel and unusual punishment contrary to the

Eighth Amendment.

As a result of the alleged Eighth Amendment violation, Lowe seeks unspecified

nominal, compensatory, and punitive damages; attorneys' fees and costs; declaratory

judgment regarding the alleged past violations; and other relief the Court deems proper.

Doc. # 1 at 12, 22.

As discussed below, dismissal is warranted because: (1) the Eleventh

Amendment bars Lowe's damages claims against Defendants in their official capacities;

(2) Lowe's claims are time-barred by the applicable two-year statute of limitations for 42

U.S.C. § 1983 claims; and (3) the proposition that a two-year deprivation of outdoor

---

[1] In support of the proposition that a three-month deprivation is unconstitutional, Lowe relies on *Housley v. Dodson*, 41 F.3d 597 (10th Cir. 1994).  That case, however, concerned a deprivation of *out-of-cell* exercise, not outdoor exercise.  41 F.3d at 598-99.

exercise is unconstitutional is not clearly established law and, therefore, Defendants are entitled to qualified immunity from personal liability for damages.

## STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949.

A Rule 12(b)(1) dismissal is not a judgment on the merits, but a determination that the court lacks authority to adjudicate the matter, such as when an action is time-barred or when Eleventh Amendment immunity applies. *See Meyers v. Colo. Dep't of Human Servs.*, 62 F. App'x 831, 832 (10th Cir. 2003); *Castaneda v. I.N.S.*, 23 F.3d 1576, 1580 (10th Cir. 1994); *Aldrich v. McCulloch Props.*, 627 F.2d 1036,1041 n.4 (10th Cir. 1980).

## ARGUMENT

**I.     Claims for monetary damages against Defendants in their official capacities are barred under the Eleventh Amendment and should be dismissed.**

Lowe's claims against Defendants in their official capacities are tantamount to claims against the state itself. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Therefore, Lowe's request for monetary damages against Defendants in their official

capacities is barred under the Eleventh Amendment and should be dismissed. *See White v. Colorado*, 82 F.3d 364, 366 (10th Cir. 1996) (affirming dismissal of money damages claims against the defendants in their official capacities).

>   **II.    Lowe's claims, filed on August 25, 2015, are six months too late and time-barred under the applicable two-year statute of limitations.**

State limitations periods determine the time limitations on civil rights actions. *See Workman v. Jordan*, 32 F.3d 475, 482 (10th Cir. 1994) (applying Colorado's two-year limitations period for personal injury actions to § 1983 claim); *see also* C.R.S. §§ 13-80-102(1)(g) (articulating two-year statute of limitations for "[a]ll actions upon liability created by a federal statute where no period of limitation is provided in said federal statute"); C.R.S. § 13-80-102(1)(i) (articulating two-year statute of limitations for "[a]ll other actions of every kind for which no other period of limitation is provided").

The statute of limitations on § 1983 claims begins to run when the plaintiff knows or has reason to know of the injury that is the basis of his claims. *See Workman*, 32 F.3d at 482. In this case, the limitations period started in February 2013, when Lowe arrived at CSP, the location of the at-issue outdoor exercise policies. Therefore, Lowe should have commenced this lawsuit in February 2015, six months earlier than he did.

Occasionally "equity may require a tolling of the statutory period where flexibility is required to accomplish the goals of justice." *Dean Witter Reynolds, Inc. v. Hartman*, 911 P.2d 1094, 1096 (Colo. 1996). Whether equitable tolling should apply is a matter governed by Colorado law. *Bynum v. Municipality, City & Cnty. of Denver*, 550 F. App'x

560, 562 (10th Cir. 2013).  To benefit from equitable tolling, a plaintiff must demonstrate that "extraordinary circumstances prevented [him] from filing the suit within the limitations period."  *Id.*  Colorado courts have applied equitable tolling where the defendant's wrongful conduct rendered the plaintiff unable to assert his claims within the deadline.  *See Dean Witter Reynolds*, 911 P.2d at 1096 (collecting cases).

Here, the Complaint is bereft of any allegations that either defendant engaged in any conduct to prevent Lowe from timely filing his § 1983 complaint.  The Complaint, rather, suggests that Lowe was aware of his exercise options soon after his arrival at CSP in February 2013.  Therefore, Lowe is not entitled to the benefit of equitable tolling.  This remains true even if Lowe contends that he did not become learned in the law until his release from prison and retention of legal counsel.  *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (stating that "ignorance of the law, even for an incarcerated pro se [prisoner], generally does not excuse prompt filing").

Similarly, Lowe's Eighth Amendment claim is untimely to the extent that it is premised on a deprivation of outdoor exercise for the entirety of Lowe's 11-year solitary confinement at various CDOC facilities.  *See* Complaint, Doc. # 1, at ¶ 17.  To the extent that Lowe seeks to rely on a continuing violation theory, the Tenth Circuit has not applied the continuing violation doctrine to a § 1983 claim.  *See Frazier v. Jordan*, No. 06-1333, 2007 U.S. App. LEXIS 696, at *11-12 (10th Cir. Jan. 10, 2007) (unpublished); *Georgacarakos v. Wiley*, No. 07-cv-01712, 2012 U.S. Dist. LEXIS 32201, at *25-26 (D. Colo. Feb. 1, 2012) (unpublished) (collecting cases).

For these reasons, Lowe's Complaint must be dismissed with prejudice as untimely.  *See Murphy v. Klein Tools, Inc.*, 935 F.2d 1127, 1128-29 (10th Cir. 1991) (holding that a statute of limitations-based dismissal is a judgment on the merits).

**III.   The CDOC Defendants are entitled to qualified immunity from personal liability for damages because no clearly established law regarding the unconstitutionality of a two-year deprivation of outdoor exercise exists.**

**A.   Standard for Eighth Amendment claims.**

In order to hold prison officials liable for violating an inmate's Eighth Amendment right to humane conditions of confinement, two requirements must be met.  *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998).  First, the deprivation alleged must be objectively "sufficiently serious," depriving the offender of "the minimal civilized measure of life's necessities."  *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).  Second, the official must have a "sufficiently culpable state of mind," or exhibit deliberate indifference to a substantial risk of serious harm.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Prison conditions violate the Eighth Amendment only if they result in the "unnecessary and wanton infliction of pain," or are "grossly disproportionate to the severity of the crime" that caused imprisonment, or result in an "unquestioned and serious deprivation of basic human needs."  *Rhodes v. Chapman*, 452 U.S. 337, 346-47 (1981).   In addition to the severity of the alleged deprivation, duration is another important factor.  *See Barney*, 143 F.3d at 1311 ("An important factor in determining whether the conditions of confinement meet the constitutional standards is the length of the incarceration.").

6

> **B.   Qualified immunity protects governmental officials from personal liability for damages in the absence of clearly established law, such as in this case.**

Government officials performing discretionary functions are protected from individual liability unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  Qualified immunity exists as long as reasonable officials in the same situation could disagree on the appropriate course of action to follow.  *Malley v. Briggs*, 475 U.S. 335, 336 (1986).  Plaintiffs "cannot simply identify a clearly established right in the abstract and allege that [Defendants have] violated it." *Hilliard v. City and Cnty. of Denver*, 930 F.2d 1516, 1518 (10th Cir. 1991).

To defeat a qualified immunity defense, a plaintiff must satisfy two steps: first, establish that the defendant violated a constitutional or statutory right; and second, demonstrate that the right was clearly established at the time of the violation. *PETA, People for the Ethical Treatment of Animals v. Rasmussen*, 298 F.3d 1198, 1207 (10th Cir. 2002). The court may exercise its discretion in determining which prong of the qualified immunity test to address first.  *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

> **C.   Lowe cannot demonstrate the clearly-established unconstitutionality of a two-year deprivation of outdoor exercise, irrespective of whether he has alleged a plausible Eighth Amendment claim.**

Lowe's burden of stating a plausible rights violation is distinct from demonstrating that a law is clearly established.  Lowe's inability to demonstrate the clearly established unconstitutionality of a two-year deprivation of outdoor exercise does not deprive him of

7

a legal remedy for the claimed violation;[2] rather, it prevents him from holding

Defendants Raemisch and Trani personally responsible for any monetary damages

resulting from the alleged violation.

The plausibility standard does not mean that a plaintiff has alleged sufficient facts

regarding a law's clear establishment; rather, it simply means that a plaintiff has alleged

sufficient facts to be "entitled to offer evidence to support the claims." 2 MOORE'S

FEDERAL PRACTICE § 12.34[1][a] (2015); *cf. Perkins v. Kan. Dep't of Corrs.*, 165 F.3d

803, 810 (10th Cir. 1999) (reversing lower court's 28 U.S.C. § 1915 *sua sponte*

dismissal of claims not because the unconstitutionality of a nine-month deprivation of

outdoor exercise was clearly established but because the complaint presented "facts

from which a factfinder could infer" that prison officials knew of a substantial risk of harm

and disregarded that harm).[3]

In contrast, a plaintiff must demonstrate that a constitutional right has been

clearly established "by identifying an on-point Supreme Court or published Tenth Circuit

decision." *Quinn v. Young*, 780 F.3d 998, 1005 (10th Cir. 2015). Alternatively, the

plaintiff may demonstrate that "the clearly established weight of authority from other

courts must have found the law to be as plaintiff maintains." *Id.* In either respect, "the

contours of the right must be sufficiently clear that a reasonable official would

---

[2] The untimeliness of this action deprives Lowe of a legal remedy. Had Lowe timely commenced this lawsuit while he was incarcerated at CSP, he could have availed himself of injunctive relief.

[3] *Perkins* contained no discussion of qualified immunity or whether the unconstitutionality of a nine-month deprivation of outdoor exercise was clearly established.

understand that what he is doing violates that right," *id*. at 1004-05, and the "existing

precedent must have placed the statutory or constitutional question beyond debate,"

*Ashcroft v. al-Kidd*, 563 U.S. 731, 131 S. Ct. 2074, 2080 (2011).

In support of his Eighth Amendment claim, Lowe identifies a clearly established

right in the abstract: that he has been denied the right to engage in outdoor exercise.

No published Supreme Court or Tenth Circuit precedent, however, has declared a two-

year deprivation of exercise in the outdoors unconstitutional.  The Tenth Circuit, rather,

has drawn the constitutional line at continuous and prolonged denials.  *See Fogle v.*

*Pierson*, 435 F.3d 1252, 1260 (10th Cir. 2006).  Additionally, no weight of authority from

other courts, except, perhaps, the Ninth Circuit, clearly establishes that two years

without outdoor exercise is unconstitutional.  Courts have reached "varying conclusions"

on precisely when a deprivation of outdoor exercise becomes unconstitutional.

*Decoteau v. Raemisch*, No. 13-cv-03399, 2015 U.S. Dist. LEXIS, at *11 (D. Colo. May

27, 2015) (unpublished); *see also Wilson v. Seiter*, 501 U.S. 294, 304-05 (1991)

(indicating that the totality of circumstances affects the constitutionality of an outdoor-

exercise deprivation); *Parker v. Zavaras*, No. 08-cv-00737, 2011 U.S. Dist. LEXIS

34743, at *47 (D. Colo. Mar. 31, 2011) (unpublished) (acknowledging that the

withholding of outdoor exercise for a limited period of time may pass constitutional

muster and that no bright line can signal when the deprivation becomes

unconstitutional).

In sum, whether a two-year deprivation constitutes a "continuous and prolonged"

denial is not clearly established.  The only clearly established law on outdoor exercise is

this: (1) while prisoners are generally entitled to outdoor exercise, a deprivation of outdoor exercise does not constitute a *per se* Eighth Amendment violation;[4] (2) the Eighth Amendment does not provide a fixed formula for determining whether the effect of particular conditions constitutes cruel and unusual punishment;[5] (3) continuous and prolonged denial of outdoor exercise can constitute an Eighth Amendment claim;[6] and (4) what constitutes constitutionally adequate outdoor exercise will depend on the circumstances of the case.[7]

Because courts have reached varying conclusions on this issue, there can be no doubt that reasonable corrections officials facing the same situation as Defendants faced could disagree on the appropriate course of action to follow.  *See Malley*, 475 U.S. at 336.  The doctrine of qualified immunity was created to protect governmental officials from incurring personal liability for damages arising from the performance of their official duties in the absence of clear legal guideposts – situations precisely such as this. *See Anderson v. Creighton*, 483 U.S. 635, 638 (1987) (noting that qualified immunity mitigates the "substantial social costs, including the risk that fear of personal monetary liability . . . will unduly inhibit officials in the discharge of their duties"); *but cf. Oakley v. Clements*, No. 10-cv-03052, 2013 U.S. Dist. LEXIS 115550, at *2, 33-34 (D. Colo. July 18, 2013) (unpublished) (recommending denial of qualified immunity in action

---

[4] *Bailey v. Shillinger*, 828 F.2d 651, 653 (10th Cir. 1987).

[5] *Id.*

[6] *Fogle v. Pierson*, 435 F.3d 1252, 1260 (10th Cir. 2006).

[7] *Perkins v. Kan. Dep't of Corrs.*, 165 F.3d, 803 810 n.8 (10th Cir. 1999); *see also Fogle v. Pierson*, 435 F.3d 1252, 1260 (10th Cir. 2006).

concerning *6 ½-year* deprivation of outdoor exercise because the unconstitutionality of continuous and prolonged denials of outdoor exercise was clearly established), *adopted by* 2013 U.S. Dist. LEXIS 115549 (D. Colo. Aug. 15, 2013) (unpublished).

In the absence of clearly-established law regarding a two-year deprivation, Defendants Raemisch and Trani should not be required to bear the risk of personal liability for their attempts to discern the constitutional contours of a right to outdoor exercise.[8]  *See Donovan v. Milwaukee*, 17 F.3d 944, 947 (7th Cir. 1994) (stating that qualified immunity "stems from the conclusion that few individuals will enter public service if such service entails the risk of personal liability for one's official decisions").

### 1.    This Court's *Anderson* decision is not clearly established law.

Lowe's Eighth Amendment claim primarily rests on this Court's decision in *Anderson v. Colorado*, 887 F. Supp. 2d 1133 (D. Colo. May 27, 2015).  That decision, however, is not clearly established authority for purposes of defeating qualified immunity because it is neither a Supreme Court decision nor a published Tenth Circuit decision.

Additionally, the *Anderson* decision is distinguishable in many respects.  *First,* although the *Anderson* case implicated the lack of outdoor exercise opportunities at

---

[8] Moreover, as this Court is well aware, since late-2014 (and, thus, for the latter half of the time period alleged in the Complaint), the CDOC has been revamping the available exercise opportunities at CSP.  *See Anderson v. Colorado*, No. 10-cv-01005, 2015 U.S. Dist. LEXIS 45258, at *10-13, 15-17 (D. Colo. Apr. 7, 2015) (Jackson, J.) (unpublished) (noting with approval that offenders in Close Custody Transition Units have access to indoor and outdoor exercise and offenders in Restrictive Housing for nine or more continuous months are offered exercise opportunities in the outdoors).

CSP, as in this case, that case concerned the deprivation of outdoor exercise for a 12-year period, six times longer than the deprivation Lowe allegedly experienced.

*Second*, the 12-year period of deprivation exceeded the periods of deprivation discussed and deemed unconstitutional in a myriad of cases upon which that decision relied.  *See Anderson*, 887 F. Supp. 2d at 1140 (noting that Anderson's deprivation "exceeds all of [the discussed] cases in terms of the potential for serious harm").

*Third*, unlike Lowe who arrived at CSP just two-and-a-half years before the complete discharge of his sentence and his subsequent release from custody, Anderson is serving an 83-year sentence, will not become parole eligible until 2041, and, given his current age, will likely spend the rest of his life in prison.  *Id.* at 1137.  Thus, in contrast to Lowe's situation, an end to Anderson's deprivation of outdoor exercise was not apparent.  *Id.* at 1140.

### 2.   The cases cited in *Anderson* are not on-point, clearly established law and are entirely distinguishable.

The various cases discussed in *Anderson* are similarly distinguishable from Lowe's allegations and do not constitute clearly established law.

For example, the Tenth Circuit's decision in *Bailey v. Shillinger*, 828 F.2d 651 (10th Cir. 1987), though published, concerned whether access to outdoor exercise for one hour per week violated the Eighth Amendment.  The Tenth Circuit held that this amount of access to outdoor exercise was constitutional, despite commenting on its restrictive nature.  *Id.* at 653.  Nowhere in that decision, however, did the Tenth Circuit clearly establish that one hour per week was the minimal amount of constitutionally

12

adequate access to outdoor exercise.  Thus, *Bailey* does not support the proposition that a deprivation of outdoor exercise for a two-year period is *per se* unconstitutional.

In *Spain v. Procunier*, 600 F.2d 189, 199 (9th Cir. 1979), the Ninth Circuit affirmed a lower court's determination that offenders housed in maximum security segregation for *more than four years* must have access to outdoor exercise for one hour a day, five days per week.  The court's analysis hinged on that facility's bleak conditions of confinement, *see* 600 F.2d at 199, and that fact-specific inquiry fails to establish clearly that a deprivation of outdoor exercise for a two-year period is *per se* unconstitutional.  The court's inquiry, rather, demonstrates that constitutional questions regarding outdoor exercise depend on the circumstances.

More recently, the Ninth Circuit revisited the issue of outdoor exercise and addressed a 14-month deprivation in *Thomas v. Ponder*, 611 F.3d 1144 (9th Cir. 2010). In its reversal and remand of summary judgment in the defendants' favor, the Ninth Circuit pointed to California's strict regulation of outdoor exercise for inmates and the prohibition of denying outdoor exercise as a disciplinary tool.  611 F.3d at 1152 (citing CAL. CODE REGS. Tit. 15, §§ 1065, 3343(h) (2006) (mandating access to three hours of exercise per week for general population inmates and one hour of exercise per day for inmates in segregation); *id.* § 3322(c) (prohibiting the denial of outdoor exercise for disciplinary purposes)).  *Thomas* does not teach that a 14-month deprivation of outdoor exercise is *per se* unconstitutional.  Moreover, the Ninth Circuit's opinions on the matter do not represent a clearly established weight of authority among this country's twelve federal circuits.

13

A fact-specific inquiry also drove the Southern District of New York's determination that genuine issues of material fact existed regarding the reasonableness of fifty-minutes per week of outdoor exercise for *pre-trial detainees*, who possess greater constitutional rights than prisoners.[9] *Rhem v. Malcolm*, 371 F. Supp. 594, 599-600, 627 (S.D.N.Y. 1974). And, another fact-specific inquiry led the Eastern District of Louisiana to conclude that death row inmates' deprivation of outdoor exercise for periods of at least *nine years* was unconstitutional. *See Sinclair v. Henderson*, 331 F. Supp. 1123, 1129-31 (E.D. La. 1971).

In the absence of clarity amongst jurists, the constitutional contours of an inmate's right to outdoor exercise is insufficiently clear and, thus, no reasonable corrections official, including either Defendants Raemisch or Trani, would understand that a two-year deprivation of outdoor exercise violates a constitutional right. Therefore, Defendants are entitled to qualified immunity from personal liability for damages.

## CONCLUSION

Dismissal of the claims against Defendants Rick Raemisch and Travis Trani is warranted because: (1) the Eleventh Amendment bars Lowe's damages claims against Defendants in their official capacities; (2) Lowe's claims are time-barred by the applicable two-year statute of limitations for 42 U.S.C. § 1983 claims; and (3) the proposition that a two-year deprivation of outdoor exercise is unconstitutional is not

---

[9] *Bell v. Wolfish*, 441 U.S. 520, 535-36 (1979) (reasoning that pre-trial detainees may not be subject to conditions of confinement that amount to punishment).

clearly established law and, therefore, Defendants are entitled to qualified immunity

from personal liability for damages.

Respectfully submitted this 9th day of November, 2015.

CYNTHIA H. COFFMAN
Attorney General

s/Kathryn A. Starnella
KATHRYN A. STARNELLA*
Assistant Attorney General
Corrections & Public Safety Unit
Civil Litigation & Employment Law Section
Attorneys for Defendants

Ralph L. Carr Colorado Judicial Center
1300 Broadway, 10th Floor
Denver, Colorado  80203
Telephone:  720-508-6176
FAX:  720-508-6041
E-Mail:  kathryn.starnella@state.co.us
*Counsel of Record

## CERTIFICATE OF SERVICE

I certify that, on November 9, 2015, I electronically filed the foregoing

Defendants' Motion to Dismiss with the Clerk of Court using the CM/ECF system, which

will send notification of such filing to Plaintiff's counsel at the following e-mail address:

lisi@pjlcolorado.com

s/ Kathryn A. Starnella